

**ATTORNEYS AT LAW**

99 PARK AVENUE   NEW YORK, NY 10016-1601
TEL: (212) 286-8585   FAX: (212) 490-8966
WWW.HPMB.COM

Ana Maria Vizzo
Partner
avizzo@hpmb.com

January 26, 2016

**VIA ECF:**

Hon. Pamela K. Chen
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Ysmael Maldonado v. The City of New York, Dr. Shabang - RNDC, Corizon Medical
      Dept., and NYC Health Services
      Docket No.: 15-CV-6619 (PKC)(LB)
      Our File Number: 611-3237

Dear Judge Chen:

Our law firm was assigned as trial counsel for defendants The City of New York ("The City"), Morsi Shaaban, M.D. s/h/a Dr. Shabang - RNDC ("Dr. Shabaan"), and Corizon Health, Inc. s/h/a Corizon Medical Dept. ("Corizon") in the above-captioned matter. In an Order dated December 23, 2015, Magistrate Bloom granted The City's application to extend its time to answer or otherwise respond until January 28, 2016. Corizon was served on January 14, 2016 and is required to answer or otherwise respond by February 4, 2016. Dr. Shaaban has not yet been served. The December 23rd Order directed The City to provide Dr. Shabaan's full name and address to the Court by January 28, 2016.

In accordance with Rule 3.A. of your Individual Practices and Rules, we write to request that the Court schedule a pre-motion conference in this action. At that conference, we will seek permission on behalf of our clients to move to dismiss the Complaint under 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, we will seek to have this action transferred to the Southern District under 28 U.S.C. § 1404(a).

Plaintiff, appearing pro se, drafted the Complaint using a Civil Rights Act, 42 U.S.C. § 1983 Prisoner Complaint form. Plaintiff alleges that on December 5, 2014, while incarcerated at Rikers Island as a pretrial detainee, he was treated for abscesses under both arms. The abscesses were lanced and drained. Plaintiff claims that his painful condition has persisted for almost eleven months, that the lancing and drainage procedures were repeated eleven times, and that he

HEIDELL, PITTONI, MURPHY & BACH, LLP

NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

Hon. Pamela K. Chen
Re: Maldonaldo v. City of New York, et al.
January 21, 2016
Page -2-



was given antibiotics and painkillers only twice. Plaintiff further alleges that although it was determined that he required surgery, surgery is scheduled for 2018. In the meantime, according to Plaintiff, he has "open wounds that can cause infection," and is suffering from "duress, pain and physical and emotional pain." Plaintiff alleges that the defendants' actions violated his Fourth, Eighth and Fourteenth Amendment rights. He further asserts that the "defendants acted with a sufficient culpable state of mind" and that they exhibited "deliberate indifferent [sp] to the plaintiffs serious medical needs."

We will argue that dismissal is warranted on two grounds. First, the Complaint should be dismissed against all defendants under Rule 12(b)(3) because Plaintiff improperly commenced this action in the Eastern District. 28 U.S.C. § 1391(b), which supplies the venue rule for civil cases brought in federal district courts, provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. We will establish that because all the defendants are located in the Southern District, and that the purported acts giving rise to Plaintiff's claims occurred in the Southern District, the Southern District is the proper venue for this action. See Ortiz v. The City of New York, 2012 U.S. Dist. LEXIS 177220 (E.D.N.Y. Mar. 30, 2012)(12(b)(3) motion to dismiss granted because defendants were located in the Southern District and the acts occurred at Rikers Island which is located in Bronx County).

In addition, we will argue that dismissal of the Complaint against Dr. Shabaan is warranted under Rule 12(b)(6). To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Plaintiff's claims, which are both vague and implausible, cannot survive a motion to dismiss.

To establish a constitutional violation arising out of inadequate medical treatment, a prisoner is required to prove "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). This standard applies to § 1983 claims arising under both the Eighth Amendment (for convicted inmates) and the Due Process Clause of the Fourteenth Amendment (for pre-trial detainees).

The deliberate indifference standard has both an objective and subjective prong. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). Second, the official must act with a "culpable state of mind" which, according to the Second Circuit, equates to "recklessness" as that term is used in criminal law. Id. An official acts with a sufficiently culpable state of mind when he "knows of and disregards an excessive risk to inmate health or safety." The official must both be "aware of facts from

1466401.1

Hon. Pamela K. Chen
Re: Maldonaldo v. City of New York, et al.
January 21, 2016
Page -3-



which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, supra at 106.

  We will argue that even if the Plaintiff has adequately pled the objective prong, he has failed to plausibly allege the subjective prong. Apart from the general statement that the defendants "acted with a sufficient culpable state of mind," Plaintiff's Complaint lacks specific allegations concerning the state of mind of any healthcare provider involved in his treatment, much less an allegation that any individual acted with the requisite state of mind to rise to the level of deliberate indifference. Instead, a liberal reading of the Complaint indicates that Plaintiff is simply dissatisfied with his treatment. See Olmedo v. Corizon P.C., 2015 U.S. Dist. LEXIS 82117 (S.D.N.Y. June 22, 2015)(dissatisfaction with medical care does not give rise to an Eighth Amendment violation).

  We will further argue that the claims against The City and Corizon cannot withstand dismissal. Under Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694 (1978), a municipality can only be held liable under § 1983 where a constitutional deprivation is inflicted pursuant to its policy or custom. A plaintiff must show that a particular policy or practice of the municipal entity was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. Corizon, as an entity that provides services to inmates housed at New York City Department of Correction detention facilities, is subject to the same standard. See Olmedo supra ("To state a Section 1983 claim against Corizon, a plaintiff must plead facts showing that an official policy or custom of Corizon caused the alleged constitutional injury"). Plaintiff has failed to plead the existence of any official policy or custom, much less that any such policy or custom led to a violation of his constitutional rights.

  Finally, we will argue in the alternative that this lawsuit should be transferred to the Southern District of New York under 28 U.S.C. § 1404(a).

               Respectfully submitted,

               */s/ Ana Maria Vizzo*
               Ana Maria Vizzo (AV 5647)

AMV/ar

cc: **Via Certified Mail/ Return Receipt Requested**
   Ysmael Maldonado
   349-14-16393
   Robert N. Davoren Center
   11-11 Hazen Street
   East Elmhurst, New York 11370

1466401.1